Cause No. 00-341

| | | |
|---|---|---|
| EDWARD COMPTON | § | IN THE COURT OF |
| A.KA. EDWARD JACKSON | § | |
| | § | |
| VS. | § | CRIMINAL APPEALS |
| | § | |
| | § | |
| THE STATE OF TEXAS | § | OF TEXAS |

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 15 2015
Abel Acosta, Clerk

PETITION FOR WRIT OF MANDAMUS

TO THE HONERABLE JUDGE, JUDGES OF SAID COURT:

COMES NOW EDWARD COMPTON, A.KA EDWARD JACKSON, HEREIN AFTER STYLED AS PETITIONER AND RESPECTFULLY WILL SHOW THIS COURT AS FOLLOWS:

## I
## PROCEDURAL HISTORY

This document contains some pages that are of poor quality at the time of imaging.

(a) ON OR ABOUT JUNE 7, 2000 PETITIONER WAS INDICTED FOR THE OFFENSE OF MURDER BY A GRAND JURY DULY SELECTED ORGANIZED, SWORN, AND IMPANELED, AT THE JULY TERM 2000 OF THE 235TH JUDICIAL DISTRICT COURT OF SAID COUNTY.

(b) A COPY OF SAID INDICTMENT AND ALL RECORDS CAN BE OBTAINED THROUGH THE COURTS RECORDS OF SAID COURT.

(c). PETITIONER APPEALED HIS CONVICTION THROUGH ALL THE STEPS OF APPEAL, PROCESS. THE UNITED STATES DISTRICT

(1):

Court for the Eastern District of Texas, Sherman Division. This Court however only issued a Statement of the Case, wherefore leaving petitioner no other avenue to obtain relief duly prescribed by law other than a writ of mandamus. The statutes of the code of criminal procedure, the Penal Code, the Texas Constitution, and the United States Constitution all mandate relief for petitioner.

## II

### STATEMENT REGARDING ORAL ARGUMENT

Petitioner is presently incarcerated in the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID) at the Estelle Unit, 264 F.M. 3478 Huntsville Texas 77320 in Walker County Texas. Petitioner is unable to present oral arguments in this cause. Accordingly petitioner waives oral arguments.

## III

### STATEMENT OF THE CASE

(a) Petitioner was indicted on June 7, 2000. The first count alleged petitioner murdered Rajkumar Ramsinghani's by striking said Rajkumar Ramsinghani's in the head with defendants hands and by causing the said Rajkumar Ramsinghani's head to strike an object unknown to the Grand Jury.

(2)

And the Grand Jurors aforesaid upon their oaths do further present in and to said court that on or about the 7th day of June A.D. 2000, in said court and state, and anterior to the present of this indictment, Edward Compton a.k.a. Edward Jackson, did then and there with intent to cause serious bodily injury to an individual, namely Rajkumar Ramsinghani commit an act clearly dangerous to human life, to-wit; did then and there strike the said Rajkumar Ramsinghani in the head with petitioners hands and fists causing the said Rajkumar Ramsinghani's head to strike an object unknown to the grand jury, that caused the death of said Rajkumar Ramsinghani's

## IV

## STATEMENT OF PROCEDURAL HISTORY

(a). In the United States District Court for the Eastern District of Texas, Sherman Division wrote this statement of the case. See Attachment "A".

(b) In the statement it clearly shows the states only witness Cassandra Calhoun states she did not see Ramsinghani hit the floor or the unknown object that his head contacted while falling to the floor.

(c). Further the last paragraph, this court states the state subsequently indicted Compton for murder, alleging that petitioner (Compton) "either" intentionally

(3)

OR KNOWINGLY CAUSES RAMSANGHANI'S DEATH "OR THAT" WITH INTENT TO CAUSE SERIOUS BODILY INJURY. THEN AT TRIAL, AN INVESTIGATOR TESTIFIED THAT HIS OFFICE WAS UNABLE TO DETERMINE THE UNKNOWN OBJECT THAT RAMSANGHANI'S HEAD STRUCK, AS HE FELL TO THE FLOOR.

(d). PETITIONER IS NOT FILING THIS WRIT OF MANDAMUS CHALLENGING HIS CONVICTION. HIS PURPOSE IS TO ASK THIS COURT OF CRIMINAL APPEALS TO ISSUE AN ORDER TO THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION, CLASSIFICATION AND RECORDS OFFICE TO REMOVE THE 3G LISTING OF A DEADLY WEAPON CAUSING PETITIONER TO HAVE TO DO HALF HIS SENTENCE BEFORE BEING ALIGIBLE FOR PAROLE. THIS OFFICE STATES THAT MURDER IS MURDER AND THEY TREAT ALL MURDER CASES AS AGGRAVATED NO MATTER WHAT THE COURT'S SAY.

HOWEVER THE TRIAL RECORDS WILL SHOW THAT THERE WAS NO AFFIRMATIVE FINDING OF A DEADLY WEAPON THE TRIAL COURTS JUDGEMENT AND SENTENCE CLEARLY SHOW, "FINDING OF DEADLY WEAPON: N/A".

NUMEROUS CASES PRESENTED TO THE COURT OF CRIMINAL APPEALS AND THIS COURTS RULINGS ARE THAT HANDS AND FISTS ARE NOT DEADLY WEAPONS. PETITIONER THEREFORE RELIES ON:

[TURNER, 664 S.W.2d 86, (TEX. CRIM. APP. 1983) (MURDER) "A FINDING IN THE JUDGEMENT THAT "A DEADLY WEAPON" WAS

(4)

USED MUST BE DELEATED BECAUSE THE EVIDENCE DID NOT SHOW THAT THE DEFENDANTS HANDS AND FISTS WERE USED IN A MANNER WHICH WOULD MAKE THEM "DEADLY WEAPONS"]. (ALSO SEE) [RODIQUEZ, 31 S.W. 3d 772 (TEX. APP. — AUSTIN 2000) (DELIVERY OF COCAINE TO MINOR), "THE CONVICTION WAS AFFIRMED BUT THE DEADLY WEAPON FINDING WAS DELEATED. IN ORDER TO SUPPORT A FINDING THAT COCAINE IS DEADLY WEAPON, THE STATE MUST SHOW THAT COCAINE, AS IT WAS USED IN THIS CASE WAS CAPABLE OF CAUSING DEATH OR SERIOUS BODILY INJURY. EVIDENCE OF AN UNKNOWN POSSIBILITY OF SERIOUS ADVERSE PHYSICAL EFFECT FROM THE USE OF COCAINE UNDER SOME CIRCUMSTANCES. NOT SUFFICIENT TO SUPPORT DEADLY WEAPON FINDING"].

PETITIONER CONTENDS IF THE JUDGE OF THE COURT SHOWS ON THE JUDGEMENT AND SENTENCE "N/A" N/o AFFIRMATIVE FINDING OF A DEADLY WEAPON. THEN PETITIONER ASK THIS COURT THE QUESTION, "HOW IS TDCJ-ID, CLASSIFICATIONS AND RECORDS ARE ALLOWED TO TREAT A CONVICTED PERSONS CASE AGGRAVATED AS IT IS TREAT PETITIONERS CASE. SEE PETITIONER'S ATTACHMENT "B". CLASSIFICATION AND RECORDS IS NOT THE CONVICTING JUDGE AND HAS NO AUTHORITY NOR JURISDICTION TO TREAT A CONVICTED PERSON'S WHOSE TRIAL COURT DID NOT FIND THE USE OF A DEADLY WEAPON. BY DOING THIS TDCJ-ID CLASSIFICATION AND RECORDS HAS OVER STEPPED ITS AUTHORITY AND COMMITTED A SEPERATION OF POWERS VIOLATION.

RULES GOVERNING COMMON AND TECHNICAL USAGE OF

WORDS ARE FOUND IN THE TEXAS GOVERNMENT CODE ANN § 311.011, THE CODE CONSTRUCTION ACT. WHILE THE ACT GENERALLY PROVIDES THAT WORDS AND PHRASES BE CONSTRUED IN ACCORDANCE WITH GRAMMATICAL RULES AND COMMON USAGE, IT ALSO SPECIFICALLY PROVIDES THAT WORDS AND PHRASES THAT HAVE ACQUIRED A TECHNICAL OR PARTICULAR MEANING WHETHER BY LEGISLATIVE DEFINITION OR OTHERWISE, SHALL BE CONSTRUED ACCORDINGLY.

PETITIONER CONTENDS THE STATE ALLEGED THAT PETITIONER "EITHER" - "OR" CAUSED THE DEATH OF THE VICTIM WITH AN "UNKNOWN OBJECT". NO WHERE IN THE CODE OF CRIMINAL PROCEDURE, THE PENAL CODE DOES SHOW THE DEFINITION OF AN "UNKNOWN OBJECT". PETITIONERS REQUEST FOR WRIT OF MANDAMUS IS ON THE FACT OF "MURDER BY AN UNKNOWN OBJECT."

PETITIONER HAS INCLUDED THE FOLLOWING FOR THE COURT'S CONVIENCE:

I

MANDAMUS: AN EXTRAORDINARY REMEDY

(a) DEFINITION AND STATUTORY AUTHORITY

THE STATUTORY AUTHORITY FOR MANDAMUS IS FOUND IN FEDERAL LAW IN THE ALL WRITS ACT, 28 U.S.C. §1651, AND UNDER 28 U.S.C. §1361 AUTHORIZING

(6)

United States District Courts to compel an officer of the United States to perform his duty. Mandamus may be defined as a COMMAND, or ORDER issuing from a court of law directed to some INFERIOR court, agency, board, corporation, or person requiring the performance of a PARTICULAR DUTY, which results from the official station of the party to whom the writ is directed or from the operation of POSITIVE LAW. [See Lawyers Edition, FEDERAL PROCEDURE, 23; 399 (1984).

TITLE 28 U.S.C. § 1651(a) PROVIDES:

"THE SUPREME COURT AND ALL COURTS ESTABLISHED BY THE ACT OF CONGRESS MAY ISSUE ALL WRITS NECESSARY OR APPROPRIATE IN AN OF THEIR RESPECTIVE JURISDICTIONS AND AGREEABLE TO THE USAGES AND PRINCIPLES"

THIS IS THE LANGUAGE GIVING SPECIFIC AUTHORITY TO THE FEDERAL COURTS TO ISSUE "ALL WRITS NECESSARY" INCLUDING WRITS OF MANDAMUS.

TITLE 28 U.S.C. § 1361 PROVIDES:

"THE DISTRICT COURTS SHALL HAVE ORIGINAL JURISDICTION OF ANY ACTION IN THE NATURE OF MANDAMUS TO COMPEL AN OFFICER OR EMPLOYEE OF THE UNITED STATES OR ANY AGENCY THEREOF TO PERFORM A DUTY OWED TO THE PLAINTIFF"

(7)

[HOMAN V. HUGHES, 708 S.W. 2d 449, 452 (TEX. CRIM. APP. 1986); "THIS COURT HAS JURISDICTION TO ISSUE WRITS OF MANDAMUS..."] (SEE ALSO) [STATE EX REL. CURRY V. DAVIS, 689 S.W. 2d 214, 215 (TEX. CRIM APP. 1984)"].

(b) STANDARDS FOR ISSUANCE OF AN ORDER IN THE FORM OF MANDAMUS

AN EXAMINATION OF THE REMEDY AVAILABLE IN THE FORM OF MANDAMUS MUST START WITH THE OFT-REPEATED OBSERVATIONS THAT IT IS A "DRASTIC" REMEDY ONLY TO BE INVOKED IN "EXTRAORDINARY" SITUATIONS. SEE IN RE DON HAMILTON OIL CO., 783 F.2d 151 (8TH CIR. 1986). THIS PHRASEOLOGY IS USED SO FREQUENTLY AND INDISCRIMINATELY BY COURTS IN DISCUSSING MANDAMUS THAT IT HAS BECOME LEGAL "BOILER PLATE". THE ADJECTIVES ABOVE HAVE BECOME SUCH COMMON PLACES THAT THEY OBSCURE THE STANDARDS TO BE APPLIED RATHER THAN EXPLAIN THEM. THUS ONE MUST GO BEYOND THESE "LABELS" AND ANALYZE THE CIRCUMSTANCES THAT WILL RISE TO AN AVAILABLE REMEDY IN THE FORM OF MANDAMUS.

(1) EXISTANCE OF A LEGAL DUTY OWED.

MANDAMUS JURISDICTION IS PRESENT ONLY WHEN A PREMPTORY DUTY IS SHOWN TO EXIST. CITY OF MILWAUKEE V. SAXBE, 546 F.2d 693, 700 (7TH CIR. 1976). THIS IS MORE COMMONLY CALLED A MINISTERIAL DUTY, AS OPPOSED TO A DISCRETIONARY DUTY. A MINISTERIAL DUTY IS ONE THAT IS REQUIRED BY A SPECIFIC STATUTORY OR REGULATORY DIRECTION

(8)

OR ONE IMPOSED BY A CONSTITUTIONAL MANDATE THAT HAS BEEN "CLEARLY ESTABLISHED" BY JUDICIAL DECISION. Lyons v. Weinberger, 376 F. Supp. 248, 255 (S.D.N.Y. 1974); (see also) Harlow v. Fitzgerald, 457 U.S. 800, 819 (1982) AND Chinchello et. al. v. Fenton et al. 805 F.2d 126, 132-33 (3rd Cir. 1986).

(1)    THE PURPOSE OF THE ABOVE IS THE FIRST THING A PERSON MUST DO IF YOU WISH TO CONVINCE A COURT TO ISSUE AN ORDER COMPELLING A GOVERNMENT OFFICIAL TO DO SOMETHING IS TO FIND SPECIFIC STATUTORY OR REGULATORY AUTHORITY DESCRIBING A DUTY, "SO PLAINLY PRESCRIBED AS TO BE FREE FROM DOUBT," TAGUPA V EAST-WEST CENTER INC., 642 F.2d 1127, 1129 (9TH CIR. 1981). "THE FACT THAT A STATUTE REQUIRES CONSTRUCTION BY THE COURT IN ORDER TO DETERMINE WHAT DUTIES IT CREATES DOES NOT MEAN THE MANDAMUS IS NOT PROPER TO COMPEL THE OFFICER TO PERFORM THE DUTY..." ONCE THE NATURE AND EXTENT OF THE DUTY IS DETERMINED. SEE: KNUCHLES V. WEINBERGER, 511 F.2d 1221, 1222 (9TH CIR. 1975); AND FALLINI V. HODEL 783. F.2d 1343, 1345 (9TH CIR. 1986).

(2) SECOND, COURTS REQUIRE THE PLAINTIFF TO SHOW A "CLEAR RIGHT TO THE RELIEF SOUGHT." CITY OF MILWAUKEE V. SAXBE, SUPRA, AT 760. THIS MEANS IS NOT ENTIRELY CLEAR BUT IT IS USUALLY EQUATED TO FINDING "CLEAR AND COMPELLING CIRCUMSTANCES" IN FAVOR OF THE PLAINTIFF THAT JUSTIFY THE "EXTRAORDINARY" REMEDY OF MANDAMUS. SEE: VISHNEVSKY V. UNITED STATES, SUPRA AT 699. WHILE THE PRECISE MEANING OF THE CRITERIA REMAINS

(9)

VAGUE AND AMORPHOUS, IT IS BEST TO UNDERSTAND THAT IT EFFECTIVELY MEANS COURTS REQUIRE PLAINTIFFS TO PRESENT A "CLEAR AND CERTAIN" RIGHT TO SOME DUTY OWED THEM BY THE GOVERNMENT BEFORE THE COURT WILL INTERVENE ON THEIR BEHALF IN THE FORM OF MANDAMUS.

(3) FINALLY A PARTY REQUESTING AN ORDER IN THE NATURE OF MANDAMUS MUST SHOW THE LACK OF AVAILABILITY OF ANY ADEQUATE ALTERNATIVE REMEDY. JOHNSON V. CHESTER COUNTY, 413 F. SUPP 1299 (ED. PA 1976); CASEWELL V. CALIFANO, 435 F. SUPP. 127 (D. MAINE 1977) AFFIRMED F. 2d 9 (1ST CIR. 1978); WHAT TYPE OF "ADEQUATE" ALTERNATIVE" REMEDIES EXHIST? IT DEPENDS ON THE NATURE OF THE CLAIM.

THUS, WHERE THE COURT CAN CONCLUDE THAT A CLAIM FOR MANDAMUS CAN BE SATISFIED BY A CLAIM FOR DAMAGES, THE COURT MAY REFUSE THE REQUEST FOR MANDAMUS AND ADVISE THE PLAINTIFF HE CAN BRING A MONETARY CLAIM. SEE AMER. SCIENCE AND INGENEERING INC. V. CALIFANO, 571 F. 2d 58 (1ST CIR. 1978); CRAWFORD V. CUSHMAN, 531 F. 2d 1114 (2d CIR. 1976).

IN SUM MANDAMUS RELIEF IS ONLY AVAILABLE WHERE THE THREE TRADITIONAL CRITERIA HAVE BEEN MET; "A DUTY IS OWED BY AN OFFICER TO THE PLAINTIFF AND THAT DUTY IS SPECIFICALLY PRESCRIBED" PREMPTORY MINISTERIAL, AND OTHERWISE NON-DISCRETIONARY; THE PLAINTIFFS CLAIM IS CLEAR, CERTAIN, AND COMPELLING;

(10)

AND NO OTHER ADEQUATE ALTERNATIVE REMEDY EXISTS.
MATTER OF BANNERS CO, 775 F.2d5H5 (3RD CIR. 1985);
FALLINI V. LONEL, 783 F.2d 1343 (9TH CIR. 1986);

Conclusion

PETITIONERS BELIEF IS HE HAS MET HIS
BURDEN OF PROOF OF THE THREE TRADITIONAL
CRITERIA WHEREFORE MANDAMUS SHOULD BE ISSUED.

(1) "A DUTY IS OWED BY AN OFFICER TO THE PETITIONER
AND THAT DUTY IS SPECIFICALLY PRESCRIBED PREMPTORY
MINISTERIAL AND OTHERWISE NON-DISCRETIONARY."

[THE DUTY OWED PETITIONER BY THE TEXAS DEPARTMENT
OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION,
CLASSIFICATION AND RECORDS OFFICE IS NOT TO CAUSE
PETITIONER TO BE PLACED UNDER AN AGGRAVATED
SENTENCE AND CAUSE PETITIONER TO DO A LONGER
SENTENCE THAN WHAT THE TRIAL COURT INTENDED HIM
TO DO].

(2) PETITIONERS CLAIM IS CLEAR, CERTAIN AND COMPELLING.

[PETITIONER'S CLAIM IS THAT THE TEXAS DEPARTMENT OF
CRIMINAL JUSTICE-INSTITUTIONAL DIVISION, CLASSIFICATION
AND RECORDS OFFICE HAS PLACED PETITIONER UNDER
LAWS DIFFERENT THAN WHAT THE TRIAL COURT OR
JURY IMPOSED ON HIM].

(11)

(3) And no other adequate alternative remedy exists.

[Petitioner asserts he has exhausted every means possible threw his appeals and other means to compell the Texas Department of Criminal Justice-Institutional Division, Classification and Records office to remove the Deadly Weapon finding in his case, but unsuccessfully been able to do so, wherefore leaving him no alternative but to seek this Court to issue a writ of Mandamus ordering the Classification and Records to abide by the Courts ruling and remove the affirmative finding of Deadly Weapon. Whereby not treating petitioner's sentence as aggravated.]

## Prayer

Wherefore petitioner respectfully asks this Honorable Court of Criminal Appeals to issue an order compelling the said Texas Department of Criminal Justice-Institutional Division, Classification and Records office to delete the finding of a Deadly Weapon finding by their office, not by the trial courts orders because they have no authority nor jurisdiction to determine how their office choose's to interpret a courts judgement and sentence.

Respectfully submitted

(12)

EDWARD COMPTON #1394318
ESTELLE UNIT
264 F.M. 3478
HUNTSVILLE TEXAS 77320

Declaration

Comes now EDWARD COMPTON, PETITIONER HEREIN AND SWEARS UNDER PENALTY OF PERJURY THE ABOVE AND FOREGOING PETITION FOR WRIT OF MANDAMUS IS TRUE AND CORRECT TO THE BEST OF HIS KNOWLEDGE.

Sworn to on this 8 of September 2015.

Edward Compton #1394318
EDWARD COMPTON #1394318

Certificate of Service

Petitioner EDWARD COMPTON HEREBY STATES THAT A TRUE AND CORRECT COPY OF THIS MOTION FOR WRIT OF MANDAMUS HAS BEEN MAILED TO CLASSIFICATION AND RECORDS AT P.O. BOX 99, HUNTSVILLE TEXAS 77342-0099 BY PLACING A COPY OF THE ABOVE FOREGOING IN THE UNITED STATES POSTAL MAIL ON THIS _____ DAY OF SEPTEMBER 2015.

Edward Compton #1394318
EDWARD COMPTON #1394318

(13)

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

Statement of the Case

The Second Court of Appeals summarized the facts of the case:

During the early morning hours of June 7, 2000, Cassandra Calhoun, who worked with Raj Ramsinghani at a liquor store in Gainesville, went to Ramsinghani's small apartment after work to help him hook up a new VCR. Compton, who had lived with Calhoun on and off for a few years and considered her to be his common law wife, showed up at Ramsinghani's apartment shortly thereafter looking for Calhoun and intending that she leave with him. After Ramsinghani answered Compton's knock on the front door, Calhoun, who was sitting on a bedroom floor, heard Compton yelling and saw him "swinging with his fists" and "hitting" Ramsinghani. Ramsinghani did not swing back at Compton; he put his hands up in an attempt to defend himself from Compton's blows. As the altercation progressed, Compton and Ramsinghani moved towards the bedroom and a bathroom just before Compton pushed Ramsinghani, causing him to fall backwards into the bathroom and strike the back of his head on an unknown object. Calhoun did not see Ramsinghani hit the floor or the object that his head contacted while falling to the floor, but she heard a noise that sounded like Ramsinghani hit the wall or some other object. After Ramsinghani fell to the floor, Compton bent over and struck Ramsinghani's face multiple times with his fists as Calhoun screamed at him to stop. Compton stopped hitting Ramsinghani, noticed that there was blood coming out of Ramsinghani's ears, and left the apartment before police arrived.

The incident left Ramsinghani in a coma with contusions and bruises on his face and a fracture to the rear base of his skull that caused a subdural and subarachnoid hemorrhage. He died ten days later in a Fort Worth hospital. The medical examiner listed Ramsinghani's cause of death as craniocerebral trauma due to blunt force injury of the head – an injury consistent with Ramsinghani's head moving at a rapid pace before contacting a hard surface.

The State subsequently indicted Compton for murder, alleging that Compton either intentionally or knowingly caused Ramsinghani's death or that, with intent to cause serious bodily injury, he committed an act clearly dangerous to human life that caused Ramsinghani's death. At trial, an investigator testified that his office was unable to determine the object that Ramsinghani's head struck as he fell to the floor. A police officer testified that he responded to a call at Ramsinghani's address about one month before the June 7, 2000 incident because Compton had been knocking on Ramsinghani's door, had broken one of the apartment's windows, and was intoxicated. The officer arrested Compton. Compton testified that he entered the apartment and pushed Ramsinghani off of him when Ramsinghani "grabbed" him. Compton agreed that he pushed Ramsinghani, that Ramsinghani hit his head on an object, and that Ramsinghani died. The jury ultimately convicted Compton of murder, and this appeal followed.

INMATE TDCNO|NAME: 01394318 COMPTON,EDWARD                 FLAT TIME:  0007 0
                                                           GOOD TIME:  0006 0
MAX SENTENCE:  0025 00 00       PRJ REL DATE:  06/14/2030  WORK TIME:  0003 0
SENT BEG DATE: 06/14/05         MAX EXP DATE:  06/14/2030  BONUS TIME: 0000 0
                                                           TOTAL TIME: 0016 1
*********************************************************************************

| VIOLENT | AGAINST | INJURIES |        |          |  SEX    |  DRUG   | ALCOHOL |       |
| NON-VIO | PERSON  | INVOLVED | ESCAPE | PROBATED | RELATED | RELATED | RELATED | OTHER |
| VI/NV   |  Y/N    |   Y/N    |  Y/N   |   Y/N    |   Y/N   |   Y/N   |   Y/N   |  Y/N  |
*********************************************************************************
|  VI     |   Y     |    Y     |   N    |    N     |    N    |    N    |    N    |   N   |

COMMENTS: CALC FLAT;SUB STRK 50Y INDIAN/M W/UNK OBJECT CAUSING DEATH
OFFENSES ON FILE:
FORGERY FINANCIAL INSTRUMENT
MURDER


ENTER THE NEXT TRANS CODE 04 AND/OR TDCNO _____
PF1-HELP                         AND/OR SIDNO _____

Attachment B

FILED IN DISTRICT COURT
COOKE COUNTY, TEXAS

2006 MAY 11 AM 11:56

DIST. CLERK- PAT PAYNE

BY _Sue Comer_
DEPUTY

No. 00-341

THE STATE OF TEXAS

§

VS

§

EDWARD COMPTON
A.K.A EDWARD JACKSON

IN THE 235TH JUDICIAL

DISTRICT COURT OF

COOKE COUNTY, TEXAS

## JUDGMENT ON JURY VERDICT OF GUILTY
## PUNISHMENT ASSESSED BY THE JURY
## NO COMMUNITY SUPERVISION

| | |
|---|---|
| JUDGE PRESIDING: Jerry W. Woodlock | DATE OF JUDGMENT: May 11, 2006 |
| DISTRICT ATTORNEY: Cindy Stormer | ASSISTANT DISTRICT ATTORNEYS: Martin Peterson Mike Day |
| DEFENSE ATTORNEY: Jim Hatcher | |
| OFFENSE COMMITTED: Murder | PENAL CODE CODE CITATION: §19.02 |
| DATE OF OFFENSE: June 7, 2000 | DEGREE OF OFFENSE: First |
| CHARGING INSTRUMENT: Indictment | PLEA: Not Guilty |
| JURY VERDICT: Guilty | FOREPERSON: Nina Coody |
| PLEA TO ENHANCEMENT: n/a | FINDINGS ON ENHANCEMENT: n/a |
| FINDINGS ON USE OF DEADLY WEAPON: n/a | |
| DATE SENTENCE IMPOSED: May 11, 2006 | FINE: $ n/a COSTS: $232.00 upon parole |
| PUNISHMENT ASSESSED: Twenty-Five (25) years confinement | |
| PLACE OF CONFINEMENT: Institutional Division of the Texas Department of Criminal Justice | |
| TIME CREDITED: 331 days | |

On the 8th of May, 2006, this cause was called for trial and the State appeared by her District

JUDGMENT ON JURY VERDICT OF GUILTY PUNISHMENT ASSESSED BY THE JURY - page 1.
Current Trial Compton

_188_

_221_

THE STATE OF TEXAS

COUNTY OF __Cooke__

IN THE __235th__ DISTRICT COURT,

__January__ TERM, A.D. 20 __06__

IN RE:

THE STATE OF TEXAS

VS.

__Edward Compton A.K.A.__

Defendant. __Edward Jackson__

No. __00-341__

To the Director of Corrections of the Texas Department of Corrections, or any other officer legally authorized to receive convicts, greeting:

Whereas, by the judgement of the Honorable __235th__ District Court of __Cooke__ County, Texas, in the above styled and numbered cause, made and entered on the _____ day of _____ A. D. 20 ____, in Book _____, Page _____, the above named defendant was adjudged to be guilty of the offense of __Murder__ _____ ‡a deadly weapon was used or exhibited in commission of the offense or during immediate flight therefrom, a felony, on his plea of _____ guilty; and whereas by proper sentence of said Court, dated __May 11__ A. D. 20 __06__, and recorded in Vol. __113__, page __188-189__ the above named defendant was sentenced to be confined and imprisoned in the Institutional Division of Texas Department of Criminal Justice for a term of __25 years__ years.

*And it appearing to the Court that the defendant herein has been incarcerated in the County Jail in this cause since the _____ day of __331 days Credit__ A. D. 20 __06__, without trial and prior to the passage of sentence herein upon him and that said time should be credited on this sentence. It is so ordered.

†And whereas, the above named defendant gave notice of appeal to the Court of Criminal Appeals at Austin, Texas, and the record was duly examined by said Court and the judgment herein was by said Court of Criminal Appeals affirmed on the _____ day of _____ A. D. 20 ____, and the mandate issued on the _____ day of _____ A. D. 20 ____; thereafter, on the _____ day of _____ A. D. 20 ____, a capias was issued for the arrest of the said defendant herein, which capias was executed by the Sheriff of _____ County, Texas, as evidenced by his endorsement hereon.

Wherefore, you are hereby commanded that you take into your custody the above named defendant and convey him to said Institutional Division of Texas Department of Criminal Justice and that you execute the sentence herein as required of you by law by confining the said defendant in the __ID TDCJ__ for the term stated above, subject to the rules and regulations of the __TDCJ__ authorities.

Herein fail not, but duly execute this order.

_Pat Payne_

Clerk, District Court, __Cooke__ County, Texas

By _Susan Hughes_ Deputy.

Capias served by placing the defendant under arrest on the_____ day of _____ A. D. 20 ____, at _____ o'clock _____ M.

_____ Sheriff.

By _____ Deputy.

*If not credited with jail time, clerk should mark this paragraph out.
†If no appeal taken, clerk should mark out this paragraph.
‡Strike if not applicable.

229